IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CLEMENT TRUSS,** ] | |
| ] | |
|     **Plaintiff,** ] | |
| ] | |
| v. ] | CV-03-BE-2983-E |
| ] | |
| **R.L. BROWNLEE, Acting Secretary** ] | |
| **of the Army,** ] | |
| ] | |
|     **Defendant.** ] | |
| ] | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

This case is before the court on a motion for summary judgment (doc. # 15), a brief in support of the motion for summary judgment (doc. # 16), and evidentiary materials in support of the motion for summary judgment (doc. # 17) filed by the acting Secretary of the Army. The plaintiff filed a brief in opposition to the motion for summary judgment with supporting evidentiary submissions (docs. # 19, # 20, # 21). Following briefing by both sides, the court held a motion hearing on August 31, 2005.

The court has considered the parties' briefs and evidentiary submissions; the arguments in support of and in objection to the motion presented at the August 31, 2005 oral argument; and the applicable standard of review. For the reasons stated on the record at the motion hearing and summarized below, the court finds that the motion for summary judgment is due to be GRANTED.

Plaintiff Clement Truss sues his employer, Defendant R.L. Brownlee, in his capacity as

1

Acting Secretary of the Department of the Army, for racial discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., ("Title VII").  Specifically, the plaintiff alleges he was not selected for a supervisory position because he is African-American.

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases when no genuine issues of material fact are presented and when the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The parties' disagreement on each and every fact is not significant; the law requires only that "there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  *See also Celotex v. Catrett,* 477 U.S. 317, 327 (1986).  A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 251-52.  Mere speculation is insufficient to create an issue of fact and defeat a properly-supported motion for summary judgment.  *See Ramsey v. Leath*, 706 F.2d 1166, 1169-70 (11th Cir. 1983).

## II. DISCUSSION[1]

At the oral argument and in his submissions in support of the motion for summary judgment, the Secretary concedes that Truss can establish a *prima facie* case of racial discrimination.  Consequently, the only issue for resolution by this court is whether the plaintiff has presented sufficient evidence that the defendant's race-neutral explanation for his failure to receive the motor vehicle operator supervisor position is pretextual.

The defendant argues that its legitimate non-discriminatory reason for selecting Douglas

---

[1]Based on the lengthy and through presentation of the facts in the parties' briefs and the factual matters discussed at the August 31, 2005 oral argument, the court does not include a recitation of all the facts in this Memorandum Opinion.

Gibson, a Caucasian male, for the motor vehicle operator supervisor position was based on his relatively stronger supervisory experience.  For example, Gibson was credited with five years of experience while plaintiff was credited with only weeks of supervisory experience.   The difference in the supervisory experience score was determinative in Gibson's selection.

In opposition to the motion for summary judgment, Truss primarily argues that Larry Tumlin, the person responsible for the employment decision at issue in this case, purposefully miscalculated Truss' scores to give Gibson an advantage in the selection process.  In his August 24, 2004 deposition,[2] Tumlin conceded that, based on a comparison between Gibson's resume and the individual categories on the selection matrix, he credited Gibson with more years of experience with tractor/trailer; material handling; ammunition and explosive; loading; and forklift than was justified by an examination of his resume.  According to the plaintiff, "[a] jury could find that Tumlin's eagerness to give Mr. Gibson undeserved credit on the matrix was a ruse to allow Mr. Tumlin not to select Mr. Truss, a black man, for the promotion." [3]

To rebut an employer's legitimate nondiscriminatory reason for its adverse action, the employee must produce evidence that directly establishes discrimination or which permits the jury to reasonably disbelieve the employer's proffered reason.  *Ross v. Rhodes Furniture, Inc.,* 146 F.3d 1286, 1290 (11th Cir. 1998).  Furthermore, "[i]n a failure to promote case, a plaintiff cannot prove pretext by simply showing that he was better qualified that the individual who received the position that he wanted . . . 'Disparities in qualifications are not enough in and of

---

[2]Tumlin gave two depositions.  The first was taken on February 26, 2003 in conjunction with the Army's internal investigation and the second was taken on August 24, 2004 in conjunction with the filing of this lawsuit.

[3]ADD CORRECT CITE

themselves to demonstrate discriminatory intent unless those disparities are so apparent as virtually to jump off the page and slap you in the face." *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253-1254 (11th Cir. 2000) (internal citations and quotations omitted).  Consequently, a plaintiff must show not merely that the challenged employment decision was mistaken, but that the decision was motivated by race.  *See Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000).  The *Lee* court explained that the phrase "jump off the page and slap you in the face" bespeaks of "disparities in qualifications [that are] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Lee*, 256 F.3d at 1254.

As a preliminary matter, the court concludes that the plaintiff has not adduced any evidence establishing a disparity in qualifications to satisfy the standard enunciated in *Lee*. Furthermore, even with the miscalculations, nothing in the record indicates that the plaintiff's qualifications were so superior to Gibson's so as to "virtually to jump off the page and slap you in the face."  Even without miscalculations, Gibson possessed more supervisory experience than the plaintiff.

Aside from Tumlin's admitted miscalculations, Truss' only other evidence of a racially discriminatory animus is a racial joke made by Tumlin some fifteen years prior to the allegedly discriminatory action at issue in this case.  More importantly, the fifteen year-old joke bore no relation to the challenged employment decision.  The court finds that a one-time incident involving a racially motivated joke made in the plaintiff's presence some fifteen years prior to the challenged employment decision, without other evidence of racial animus, is insufficient to create a genuine issue of material fact on the issue of pretext.  In so holding, the court

distinguishes *Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291 (11th Cir. 1998), a case cited by the plaintiff in his brief in opposition to the motion for summary judgment. In *Ross*, the plaintiff did not rely *solely* on an isolated racial remark as evidence of discriminatory animus but had other circumstantial evidence sufficient to create an inference of pretext. *Cf., Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1229 (11th Cir. 2002) (distinguishing *Ross* based on reasoning that a comment unrelated to a termination decision will usually not be sufficient absent some additional evidence supporting a finding of pretext). *See also, Rojas v. Florida,* 285 F.3d 1339, 1343 (11th Cir. 2002) (limiting the import of *Ross*' holding based on its reasoning that an isolated comment, unrelated to the challenged employment decision, standing alone, is insufficient to create a genuine issue of face on the issue of pretext).

    Based on the foregoing analysis, the court concludes that the defendants' motion for summary judgment is due to be GRANTED in its entirety.

    A separate final order will be entered.

    DONE and ORDERED this 8th day of September, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

6